IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RICHMOND, | ) |
| | ) No. 04C 1091 |
| Plaintiff, | ) |
| | ) |
| | ) COMPLAINT FOR VIOLATION |
| vs. | ) OF CIVIL RIGHTS |
| | ) |
| Village of Robbins Police Officers | ) |
| Dion Kimble, Terrance Franklin, | ) JUDGE AMY ST. EVE |
| Darrell Reeder, and Marshawn Henderson, and | ) |
| Village of Crestwood Police Officers | ) |
| John Pace and Mark Pawlak | ) MAGISTRATE JUDGE ASHMAN |
| Individually, | ) |
| | ) JURY DEMANDED |
| Defendants. | ) |

Plaintiff alleges:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, WILLIAM RICHMOND ("RICHMOND") was and is now a citizen of the United States.

4. At all times herein mentioned Village of Robbins Police Officer DION KIMBLE, ("KIMBLE") was employed by the Village of Robbins Police Department, and was acting under color of state law and as the employee, agent or representative of the Robbins Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned Village of Robbins Police Officer TERRANCE FRANKLIN, ("FRANKLIN") was employed by the Village of Robbins Police Department, and was acting under color of state law and as the employee, agent or representative of the Robbins Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned Village of Robbins Police Officer DARRELL REEDER, ("REEDER") was employed by the Village of Robbins Police Department, and was acting under color of state law and as the employee, agent or representative of the Robbins Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned Village of Robbins Police Officer MARSHAWN HENDERSON, ("HENDERSON") was employed by the Village of Robbins Police Department, and was acting under color of state law and as the employee, agent or representative of the Robbins Police Department. This Defendant is being sued in their individual capacity..

8. At all times herein mentioned Village of Crestwood Police Officer JOHN PACE, ("PACE") was employed by the Village of Crestwood Police Department, and was acting under

color of state law and as the employee, agent or representative of the Crestwood Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned Village of Crestwood Police Officer MARK PAWLAK, ("PAWLAK") was employed by the Village of Crestwood Police Department, and was acting under color of state law and as the employee, agent or representative of the Crestwood Police Department. This Defendant is being sued in their individual capacity.

## FACTUAL ALLEGATIONS

10. On or about February 14, 2002, Plaintiff was inside his home in the Village of Robbins, County of Cook, State of Illinois.

11. At that time and place REEDER seized plaintiff and placed him under arrest.

12. There was no legal cause to seize and arrest plaintiff.

13. The Plaintiff did not consent to being arrested.

14. Plaintiff was informed by REEDER that he was arresting plaintiff because a warrant had been issued for his arrest.

15. Plaintiff does not know if such an arrest warrant actually existed, and if no warrant existed for plaintiff's arrest then his arrest inside his home was without any legal cause.

16. In the alternative, Plaintiff is informed and believes and alleges thereon that if such a warrant was obtained all of the defendants knew that the warrant was obtained by providing information to a judge that they knew, or should have known, was false in order to obtain an arrest warrant for plaintiff.

17. As a result of the defendants obtaining a warrant for the arrest of plaintiff based upon information that they knew, or should have known, was false information plaintiff was arrested and jailed for approximately six months until he was acquitted.

18. By reason of the above-described acts and omissions of Defendants, RICHMOND sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to his damage in an amount to be ascertained.

19. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for RICHMOND'S rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

20. By reason of the above-described acts and omissions of the Defendants, and each of them, RICHMOND was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, RICHMOND requests payment by Defendants, and each of them of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendants for
### UNREASONBLE SEIZURE

21. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

22. By reason of the defendants' conduct plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

23. The arbitrary intrusion by defendants, into the security and privacy of plaintiff's person was in violation of plaintiff's Constitutional Rights and not authorized by law. The defendants violated the plaintiff's rights in the following manner: the seizure of plaintiff was without any legal cause, and upon information and belief, the defendants used information that they knew, or should have known, to be false in order to obtain a warrant for the arrest of plaintiff. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of plaintiff's rights. Therefore, the defendants, and each of them, are liable to plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### PLAINTIFF AGAINST DEFENDANTS
### FOR CONSPIRACY – 42 U.S.C. SECTION 1985

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty (20) hereat as though fully set forth at this place.

25. Defendants, in violation of 42 U.S.C. section 1985, undertook a concerted effort and plan to engage in the conduct described above with the knowledge that such conduct was improper and would have the effect of depriving plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures. Specifically, defendants agreed to knowingly provide false information to a judge in order to obtain an arrest warrant with the knowledge that it would cause platiniff to be arrested without probable cause in violation of his civil rights.

26. As a direct and proximate result of the actions of defendants undertaken in furtherance of the conspiracy described above, plaintiff was deprived of the protections guaranteed him under the Fourth Amendment to the United States Constitution, for which the defendants, and each of them, are liable pursuant to 42 U.S.C. Section 1985.

WHEREFORE, Plaintiff, WILLIAM RICHMOND, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiff general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiff special damages.

3. That Defendants be required to pay Plaintiff exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiff the costs of suit herein incurred; and

6. That Plaintiff have such other and further relief as the court may deem just and proper.

Submitted by,
GARRETT W. BROWNE

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

By: GARRETT W. BROWNE

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
Suite 330
300 West Adams
Chicago, Illinois 60606
(312) 345-8877

complaint.doc

Caf 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet  04C 1091

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

JUDGE AMY ST. EVE

**Plaintiff(s):** WILLIAM RICHMOND

**Defendant(s):** Village of Robbins Police Officers Dion Kimble, Terrance Franklin, Darrell Reeder and Marshawn Henderson, and Village of Crestwood Police Officers John Pace and Mark Pawlak

County of Residence: Cook

County of Residence:

Plaintiff's Atty: Garrett W. Browne
ED FOX & ASSOCIATES
Suite 330, 300 West Adams,
Chicago IL. 60606
312-345-8877

Defendant's Atty:

MAGISTRATE JUDGE ASHMAN

| | |
|---|---|
| II. Basis of Jurisdiction: | 3. Federal Question (U.S. not a party) |

III. Citizenship of Principal
Parties (Diversity Cases Only)
    Plaintiff:- N/A
    Defendant:- N/A

IV. Origin :           1. Original Proceeding

V. Nature of Suit:     440 Other Civil Rights

VI. Cause of Action:   42 U.S.C. Section 1983

VII. Requested in Complaint
    Class Action: No
    Dollar Demand:
    Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: _____

Date: 2/11/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** Revised: 06/28/00

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm                    2/11/04

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of:

**WILLIAM RICHMOND**

v.

**Village of Robbins Police Officers Dion Kimble, Terrace Franklin, Darrell Reeder and Marshawn Henderson, and Village of Crestwood Police Officers John Pace and Mark Pawlak**

Case Number:

 

JUDGE AMY ST. EVE

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, **WILLIAM RICHMOND**

| (A) MAGISTRATE JUDGE ASHMAN | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: EDWARD M. FOX | NAME: GARRETT W. BROWNE |
| FIRM: ED FOX & ASSOCIATES | FIRM: ED FOX & ASSOCIATES |
| STREET ADDRESS: 300 W. Adams Street, Suite 330 | STREET ADDRESS: 300 W. Adams Street, Suite 330 |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: Chicago, IL 60606 |
| TELEPHONE NUMBER: (312) 345-8877 | TELEPHONE NUMBER: (312) 345-8877 |
| IDENTIFICATION NUMBER: 06205330 | IDENTIFICATION NUMBER: 06242592 |
| MEMBER OF TRIAL BAR? YES | MEMBER OF TRIAL BAR? YES |
| TRIAL ATTORNEY? YES | TRIAL ATTORNEY? YES |
|  | DESIGNATED AS LOCAL COUNSEL? |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? | MEMBER OF TRIAL BAR? |
| TRIAL ATTORNEY? | TRIAL ATTORNEY? |
| DESIGNATED AS LOCAL COUNSEL? | DESIGNATED AS LOCAL COUNSEL? |