C11637/JLD-KNL    03/01/05    mb                                    F:\Jld\11637\pldgs\ans_amd_cmplt.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 1 1 2005

|  |  |
|---|---|
| BILLY RICHMOND,<br><br>     Plaintiff,<br><br>v.<br><br>VILLAGE OF ROBBINS POLICE<br>OFFICER DION KIMBLE,<br><br>     Defendant. | No. 04 C 1091<br><br>Judge Amy St. Eve<br><br>Magistrate Judge Ashman |

## DEFENDANT OFFICER DION KIMBLE'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
## FOR VIOLATION OF CIVIL RIGHTS

NOW COMES the Defendant, SERGEANT DION KIMBLE, by and through his

attorneys, NORTON, MANCINI, WEILER & DeANO, and for his Answer to Plaintiff's First

Amended Complaint for Violation of Civil Rights, states as follows:

1.    This action arises under the United States Constitution and the Civil Rights Act of

1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28

U.S.C. Sections 1343 and 1331.

**ANSWER:**    Defendant admits the allegations in paragraph 1 of Plaintiff's First Amended

Complaint for Violation of Civil Rights.

2.    Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts

complained of arose in this district.

**ANSWER:**     Defendant admits the allegations in paragraph 2 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

3.     At all times herein mentioned, Plaintiff, BILLY RICHMOND ("RICHMOND") was and is now a citizen of the United States.

**ANSWER:**     Defendant admits the allegations in paragraph 3 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

4.     At all times herein mentioned Village of Robbins Police Officer DION KIMBLE ("KIMBLE") was employed by the Village of Robbins Police Department, and was acting under color of state law and as the employee, agent or representative of the Robbins Police Department. This Defendant is being used in their individual capacity.

**ANSWER:**     Defendant admits the allegations in paragraph 4 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

## FACTUAL ALLEGATIONS

5.     On or about February 14, 2002, RICHMOND was inside his home in th Village of Robbins, County of Cook, State of Illinois.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint for Violation of Civil Rights, and therefore neither admits nor denies same, but demands strict proof thereof.

6.     At that time and place RICHMOND was placed under custodial arrest.

**ANSWER:**     Defendant admits the allegations in paragraph 6 of Plaintiff's First Amended Complaint for Violation of Civil rights.

2

7.     RICHMOND was informed at the time of his arrest that he was being arrested because a warrant had been issued for his arrest.

**ANSWER:**     Defendant admits the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

8.     The arrest warrant was obtained by KIMBLE.

**ANSWER:**     Defendant admits the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

9.     KIMBLE obtained the arrest warrant by providing information to the issuing judge that he knew, or should have known, was false in order to obtain an arrest warrant for plaintiff.

**ANSWER:**     Defendant denies the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

10.     When KIMBLE obtained the arrest warrant he knew that it would lead to the arrest and prosecution of RICHMOND.

**ANSWER:**     Defendant admits the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

11.     As a result of KIMBLE obtaining the arrest warrant for RICHMOND based upon information that he knew, or should have known, was false RICHMOND was arrested and jailed for approximately six months until he was acquitted.

**ANSWER:**     Defendant denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

3

12.    By reason of the above-described acts and omissions of KIMBLE, RICHMOND sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to his damage in an amount be ascertained.

**ANSWER:**    Defendant denies the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

13.    The aforementioned acts of KIMBLE were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for RICHMOND'S rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**    Defendant denies the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

14.    Be reason of the above-described acts and omissions of KIMBLE, RICHMOND was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.   By reason thereof, RICHMOND requests payment by KIMBLE of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**    Defendant denies the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

**COUNT I**
**RICHMOND Against KIMBLE for**
**UNREASONABLE SEIZURE**

15.    RICHMOND hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

4

**ANSWER:** Defendant restates his answers to paragraphs 1 through 14 as his answers to paragraph 15 of this Count 1 as though fully set forth herein.

16. By reason of KIMBLE's conduct RICHMOND was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendant denies the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

17. The arbitrary intrusion by Kimble, into the security and privacy of RICHMOND'S person was in violation of plaintiff's Constitutional Rights and not authorized by law. KIMBLE violated RICHMOND'S rights in the following manner: KIMBLE used information that he knew, or should have known, to be false in order to obtain a warrant for the arrest of RICHMOND knowing it would lead to the arrest and prosecution of RICHMOND. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of RICHMOND'S rights. Therefore, KIMBLE is liable to RICHMOND pursuant to 42 U.S.C. §1983.

**ANSWER:** Defendant denies the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint for Violation of Civil Rights.

WHEREFORE, in light of the foregoing, Defendant, DION KIMBLE, denies that Plaintiff is entitled to judgment against him in any amount whatsoever.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, DION KIMBLE, by and through his attorneys, NORTON, MANCINI, WEILER & DeANO, and pleading affirmatively, avers the following defense:

5

1.     Defendant is entitled to qualified immunity because he did not violate any clearly established constitutional law at the time of this occurrence.

WHEREFORE, the Defendant, DION KIMBLE, respectfully requests this Honorable Court enter judgment in his favor, and against the Plaintiff, along with the cost of this litigation.

Respectfully submitted,

NORTON, MANCINI, WEILER & DeANO

By: _____
                        James L. DeAno

STATE OF ILLINOIS        )
                         ) ss.
COUNTY OF DUPAGE         )

JAMES L. DeANO, being first duly sworn, on oath, deposes and states that he is one of the attorneys for Defendant, DION KIMBLE, that he has read and knows the contents of the above and foregoing Answer to Plaintiff's First Amended Complaint for Violation of Civil Rights, by him subscribed, and further states that those paragraphs alleging insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained therein are true and are not interposed for the purpose of delay.

_____
                        James L. DeAno

Subscribed and sworn to before me this

_11th_ day of _March_____, 2005.

_____
              Notary Public

OFFICIAL SEAL
SANDRA J DAVIES
NOTARY PUBLIC  STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/03/08

NORTON, MANCINI, WEILER & DeANO
109 North Hale, P.O. Box 846
Wheaton, Illinois 60189-0846
(630) 668-9440
Attorney No. 06180161

6